IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JOHN E. MCGINNIS and PAULA K. MCGINNIS | § § § | |
| | § | NO. 4:24-CV-00247-SDJ-BD |
| v. | § | |
| | § | |
| NEWREZ MORTGAGE, *et al.* | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff John E. McGinnis, proceeding *pro se*, filed a complaint on behalf of himself and Paula K. McGinnis, who is deceased. Dkt. 3. The complaint names as defendants NewRez Mortgage; Robertson, Anschutz, Schneid, Crane, and Partners, PLLC Law Offices (the Law Firm); Shellpoint Mortgage Servicing, LLC; and LoanCare, LLC. Dkt. 3 at 1. The plaintiffs assert two state-law claims arising out of the impending foreclosure of their home: violation of Chapter 12 of the Texas Civil Practice and Remedies Code, which concerns fraudulent liens against real property, and trespass to try title. *Id.* at 10, 12–13. The plaintiffs seek $450,000 in damages and an injunction to prevent the sale of the home. *Id.* at 12, 14.

### I.      Subject-Matter Jurisdiction

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute . . . which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Federal courts bear "the responsibility to consider the question of subject matter jurisdiction *sua sponte* . . . and to dismiss any action if such jurisdiction is lacking." *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985).

Mr. McGinnis's complaint does not include "a short and plain statement of the grounds for the court's jurisdiction" as required by Federal Rule of Civil Procedure 8(a)(1). Indeed, Mr.

McGinnis does not assert any basis for federal jurisdiction. *See* Dkt. 3. As discussed below, the complaint's factual allegations fail to invoke either diversity or federal-question jurisdiction.

### A.      Diversity Jurisdiction

A federal court has original jurisdiction over any "civil action[] where the matter in controversy exceeds . . . $75,000" and is between "citizens of different States." 28 U.S.C. § 1332(a). Diversity of citizenship must be complete, meaning that each plaintiff must be diverse from each defendant. *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). Here, the amount in controversy exceeds $75,000, Dkt. 3 at 12, but Mr. McGinnis does not sufficiently allege the citizenship of the parties and thus cannot establish complete diversity.

### 1.      Citizenship of Natural Persons

Mr. McGinnis alleges that he is a resident of Carrollton, Texas. *Id.* at 2. "An allegation of residency alone does not satisfy" the jurisdictional requirement. *SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023) (quotation marks omitted). Rather, a complaint must allege that a natural person is a *citizen* of a particular state. *Kerney v. Fort Griffin Fandangle Ass'n, Inc.*, 624 F.2d 717, 719 (5th Cir. 1980) ("An allegation of residence is insufficient to establish diversity jurisdiction. The plaintiff must allege citizenship."). "For natural persons . . . citizenship is determined by domicile, which requires residency plus an intent to make the place of residency one's permanent home." *SXSW, L.L.C.*, 83 F.4th at 407. Mr. McGinnis's allegation that he resides in Carrollton therefore does not establish his citizenship for the purposes of diversity jurisdiction.

### 2.      Citizenship of LLCs

Mr. McGinnis alleges that defendants NewRez, the Law Firm, Shellpoint, and LoanCare are all LLCs that operate "in the State of Texas." Dkt. 3 at 2. For the purposes of diversity jurisdiction, "the citizenship of a LLC is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Mr. McGinnis does not allege the

citizenship of any individual members of the defendant LLCs. Mr. McGinnis's assertion that the LLCs "operate in the State of Texas" is insufficient to establish the citizenship of any defendant.

### B.   Federal-Question Jurisdiction

Federal courts also have "jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if the federal question forms "an element, and an essential one, of the plaintiff's cause of action." *Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936). The complaint raises two claims, each arising under Texas law. *See* Dkt. 3 at 10, 12–13. Because federal law does not form an essential element of either cause of action, federal-question jurisdiction is absent. *See Gully*, 299 U.S. at 112.

### II.   Deceased Plaintiff

The complaint states that Ms. McGinnis is deceased and that Mr. McGinnis represents her interests through a durable power of attorney. *Id.* at 1–2. That document, however, states that Mr. McGinnis's authority to act as Ms. McGinnis's agent terminated at her death. Dkt. 3-1 at 1. Further, under Texas law, a "durable power of attorney terminates when . . . the principal dies." Tex. Est. Code § 751.131. Regardless, "those not licensed to practice law may not represent the legal interests of others." *Rodgers v. Lancaster Police & Fire Dep't*, 819 F.3d 205, 210 (5th Cir. 2016). Mr. McGinnis, who does not purport to be a lawyer, cannot represent Ms. McGinnis's legal interest in this matter with or without the durable power of attorney.

To the extent that Mr. McGinnis's complaint may be understood to raise claims on behalf of Ms. McGinnis's estate, the complaint does not allege the prerequisites to represent an estate *pro se*. Under Texas law, "only a personal representative, administrator, or heir may sue on behalf of an estate." *Shepherd v. Ledford*, 962 S.W.2d 28, 31 (Tex. 1998). Such a person "may proceed *pro se* if that person is the only beneficiary and the estate has no creditors." *Rodgers,* 819 F.3d at 211. If the person suing on behalf of the estate is an heir, rather than a personal representative or administrator, the heir must also "plead[] and prove[] that there is no estate administration pending and none is necessary." *Jordan v. Lyles*, 455 S.W.3d 785, 790 (Tex. App.—Tyler 2015, no

pet.). Therefore, to the extent Mr. McGinnis intends to assert claims on behalf of Ms. McGinnis's estate, the complaint is deficient in three respects:

> 1) it fails to allege that Mr. McGinnis is the personal representative, administrator, or heir of Ms. McGinnis's estate;
>
> 2) it fails to allege that Mr. McGinnis is the sole beneficiary of Ms. McGinnis's estate; and
>
> 3) it fails to allege that there are no creditors of Ms. McGinnis's estate.

For those reasons, the estate's claims raised by Mr. McGinnis are subject to dismissal without prejudice. *See, e.g.*, *Rathbone v. Bank of N.Y. Mellon*, No. 4:17-cv-1828, 2018 WL 615084, at *3 (S.D. Tex. Jan. 9, 2018) ("[S]ince the Plaintiff had no capacity to sue on [the estate's] behalf, the estate's claims should be dismissed without prejudice.").

## CONCLUSION

Mr. McGinnis is **ORDERED** to file an amended complaint correcting the deficiencies identified above no later than 14 days after entry of this order. The amended complaint must invoke this court's jurisdiction and properly allege Mr. McGinnis's capacity to represent Ms. McGinnis's estate. If Mr. McGinnis fails to file an amended complaint or otherwise act, the recommended disposition will be dismissal without prejudice. If dismissal is satisfactory, no further action is necessary.

**So ORDERED and SIGNED this 19th day of September, 2024.**

BILL DAVIS
UNITED STATES MAGISTRATE JUDGE